**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| DAVID SPRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 2:17-cv-00120-JMS-MJD |
| | ) | |
| BRIAN SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for a Writ of Habeas Corpus**
**and Denying Certificate of Appealability**

An Indiana jury found David Spry guilty of attempted murder. Spry now challenges that

conviction, seeking a writ of habeas corpus. For the reasons explained in this Entry, Spry's petition

for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition,

the Court finds that a certificate of appealability should not issue.

**I. The Habeas Petition**

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to

state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and

Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief.

*Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Congress enacted AEDPA to advance the finality

of criminal convictions." *Mayle v. Felix*, 545 U.S. 644, 662 (2005). "To that end, it adopted a tight

time line, a one-year limitation." *Id.* Along with triggering dates not applicable here, "[u]nder 28

U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his

conviction becomes final in state court to file his federal petition." *Gladney v. Pollard,* 799 F.3d 889, 894 (7th Cir. 2015).

Subject to exceptions not applicable here, Spry had one (1) year from the date his conviction became final to file a timely petition for writ of habeas corpus. His conviction became final on March 2, 2000, which was the last day on which he could have filed a petition for certiorari review following the Indiana Supreme Court's February 2, 2000 denial of his petition to transfer.

The running of the statute of limitations was tolled during the time a properly filed action for post-conviction relief was pending. *See* 28 U.S.C. § 2244(d)(2); *Socha v. Boughton,* 763 F.3d 674, 682 (7th Cir. 2014). In this case, such an action was pending between April 26, 2000 and July 5, 2011.

At the time Spry filed his action for post-conviction relief, 55 days of the statute of limitations had passed. This left a balance of 310 days of the 1-year statute of limitations. That period expired on May 13, 2012. Spry's habeas petition was ultimately filed on March 15, 2017. This was four years, ten months and two days after the statute of limitations had expired and this is the extent to which Spry's petition for writ of habeas corpus was untimely filed.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Spry has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely** without a decisions being made as to the merits of his claims. *See Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007).

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Rule 11(a) of the *Rules Governing Section 2254 Cases*, the court finds that Spry has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **declines** to issue a certificate of appealability.

IT IS SO ORDERED.

Date: 7/27/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID A. SPRY
865135
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Chandra Hein
INDIANA ATTORNEY GENERAL
chandra.hein@atg.in.gov